ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 NOV 22 PM 1:53

CLERK _CAdams_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-100 |
| | ) | |
| PLAZA ASSOCIATES, | ) | |
| | ) | |
| Defendant. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff filed the above-captioned case *pro se*, attempting to assert claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Because she is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

## I.    BACKGROUND

Plaintiff names Plaza Associates as the sole Defendant in this action. (Doc. no. 1, p. 1.) Plaintiff alleges that she viewed a copy of her consumer report from the credit reporting agency TransUnion in May of 2011, and thereby discovered that Defendant had obtained her consumer report in May of 2009. (Id. at 2.) According to Plaintiff, she "has never had any

business dealings or any accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from [Defendant]." (Id. at 4.) Plaintiff additionally states that she never consented to Defendant accessing her consumer report. (Id.) Moreover, Plaintiff reports that Defendant informed her that it was attempting to collect on a delinquent account with Capital One Bank; however, Plaintiff avers she never had any such account. (Id.) Plaintiff maintains that Defendant therefore obtained her consumer report without any permissible purpose. (Id.) According to Plaintiff, on May 12, 2011, she sent Defendant a notice of intent to sue regarding this matter, in response to which Defendant sent her a bill in an attempt to collect on the debt. (Id. at 2.)

Plaintiff also alleges that on May 26, 2011, she sent Defendant a demand for validation of the debt in question, "to include a contract or application containing her signature for which Defendant could base any obligation by Plaintiff to pay them." (Id.) Plaintiff avers that Defendant responded inadequately "by sending what appear to be digital billing statements and billings of unknown origin," without providing "any contract and or agreement showing Plaintiff ever had any obligation to pay them or had done any business with them." (Id. at 2-3.) Plaintiff reports that she sent Defendant another letter on June 10, 2011, providing a "notice of pending suit and offering to settle the matter outside litigation." (Id. at 3.) Plaintiff states that Defendant never responded to her June 10th letter. (Id.)

## II.  DISCUSSION

Liberally construing Plaintiff's allegations in her favor and granting her the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff

2

fails to state a viable FDCPA claim under 15 U.S.C. § 1692g(b). Plaintiff's attempted § 1692g(b) claim is based on her allegation that Defendant failed to respond adequately to her request for validation of the debt in question. (Doc. no. 1, pp. 2-3, 5.) Notably, however, § 1692g(b) does not necessarily require validation or verification of debt when requested by a consumer. Rather, it requires a debt collector faced with such a request to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). In other words, "a debt collector is not required to take some other affirmative step if the consumer disputes the debt. The plain language of § 1692g(b) requires only that a debt collector cease collection of the debt if it is disputed . . . ." Hepsen v. Resurgent Capital Servs., LP, 383 F. App'x 877, 882 (11th Cir. 2010) (*per curiam*) (internal citation omitted); see also Shimek v. Forbes, 374 F.3d 1011, 1014 (11th Cir. 2004) ("The plain language of Section 1692g(b) mandates that a debt collector 'cease collection of the debt' once verification is requested."); Zamos v. Asset Acceptance, LLC, 423 F. Supp. 2d 777, 786 (N.D. Ohio 2006) ("No violation of § 1692g(b) exists when a debt collector has 'ceased collection activities.'" (quoting Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1031-1032 (6th Cir. 1992))).

Here, Plaintiff does not allege that Defendant engaged in collection activities following her request for debt verification. Accordingly, her allegation that the "digital billing statements" and other documents provided by Defendant constitute inadequate verification fails to state a claim upon which relief may be granted under § 1692g(b).

3

## III.    CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's FDCPA claim for collection following her debt verification request be **DISMISSED**.[1]

SO REPORTED and RECOMMENDED this 22nd day of November, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1]In a simultaneously issued Order, the Court has ordered that service of process be effected on Defendant based on Plaintiff's FCRA claim for improper accessing of her consumer report and her FDCPA claim for Defendant's alleged use of a false, deceptive, or misleading representation or means in connection with its attempted collection of the debt in question.