FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 MAR 21 AM 9:45
CLERK
SO. DIST. OF GA.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA**

**Teri Lynn Hinkle**
**Plaintiff**

**vs**

**PLAZA RECOVERY**
**Successor in Interest to:**
**PLAZA ASSOCIATES**
**Defendant**

**CV 311-100**

**Judge** ________________

**Trial by Jury Demanded**

## AMENDED COMPLAINT FOR VIOLATIONS OF THE FCRA AND FDCPA

## JURISDICTION

1. **This court has jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), 28 U.S.C §1331** and **28 U.S.C. § 1337**.

2. **All conditions precedent to the bringing of this action have been performed.**

## PARTIES

3. **The Plaintiff in this lawsuit is Teri Lynn Hinkle, a natural person, who resides in Dodge County, Georgia.**

4. **The Defendant in this lawsuit is PLAZA RECOVERY who is successor in interest to PLAZA ASSOCIATES an unknown entity with offices at 370 7TH Ave., Ste. 1200, New York City, New York 10001.**

## VENUE

5. The occurrences which give rise to this action occurred in Dodge County, Georgia and Plaintiff resides in Dodge County, Georgia.

6. Venue is proper in the Southern District of Georgia.

## GENERAL ALLEGATIONS

7. Plaintiff obtained her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in the reports.

8. Plaintiff determined that her consumer credit report had been pulled on various occasions by entities she did not recognize and without her consent.

9. Plaintiff found after examination of her TransUnion consumer credit report that Defendant, PLAZA ASSOCIATES, had pulled Plaintiff's TransUnion consumer credit report in May of 2009.

10. Discovery of violation brought forth herein occurred in May of 2011 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

11. On May 12, 2011, Defendant, PLAZA ASSOCIATES, was sent by USPS certified mail a notice of intent to sue by plaintiff in which plaintiff clearly indicated she had no debt with them and there had been a violation of the FCRA as a result of an inquiry on her TransUnion credit report without permissible purpose. PLAZA ASSOCIATES, heretofore referred to as Defendant, responded by sending a billing for an alleged debt thus creating additional violations under the FDCPA.

12. On May 26, 2011 Plaintiff sent by USPS certified mail, to Defendant, a demand for validation of alleged debt to include a contract or application containing her signature for which Defendant could base any obligation by Plaintiff to pay them. Defendant responded on May 31, 2011 by sending what appear to be digital billings

of unknown origin. Defendant did not provide any contract and or agreement showing Plaintiff ever had any obligation to pay them or had done any business with them.

13. On June 10, 2011, Plaintiff mailed by USPS certified mail a notice of pending suit and offered to settle the matter outside litigation for the FCRA statutory damage alone and forego the FDCPA violations. Plaintiff also sent with this communication a second validation demand. Defendant ignored Plaintiff and has made no attempt to resolve.

14. On February 23, 2012 the U.S. Marshall Service attempted to serve the Original Complaint of this suit by Waiver of Summons at the address referred to above at which time the Summons was Faxed to Defendant's Attorney a Mr. Seigal. Mr. Seigal stated he could not sign the Waiver because PLAZA ASSOCIATES had gone out of business.

15. When Plaintiff received the copy of the Process Receipt and Return from the U.S. Marshall she obtained the telephone number for the Defendant from their web site and telephoned the Defendant. Plaintiff asked the person who answered the phone if in fact the company had gone out of business. The woman on the other end of the phone said no it had changed its name to PLAZA RECOVERY but was still in business.

16. On March 15, 2012 Plaintiff called Defendant again to ask for the name and address of The Registered Agent for service and the call was answered by machine with a recorded message which stated, "PLAZA ASSOCIATES, PLEASE HOLD FOR….."

17. PLAZA RECOVERY stands liable, as successor in interest, for the actions of PLAZA ASSOCIATES.

## Count I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT PLAZA ASSOCIATES

18. Paragraphs 1 through 17 are re-alleged as though fully set forth herein.

19. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

20. TransUnion, is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

21. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

22. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

23. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

24. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant PLAZA ASSOCIATES.

25. At no time did Plaintiff give her consent for Defendant PLAZA ASSOCIATES, to acquire her consumer credit report from any credit reporting agency.

**26. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.**

(2) the term "account" means a demand deposit, savings deposit, or other asset account **(other than an occasional or incidental credit balance in an open end credit plan** as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

**27. The definition of "account" clearly does not include an account such as a credit card open end credit account but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Defendant was attempting to collect on an alleged account with CAPITAL ONE where Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.**

**28. In May of 2009 Defendant PLAZA ASSOCIATES, obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.**

**29. The action of Defendant PLAZA ASSOCIATES obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.**

**WHEREFORE, Plaintiff demands judgment for damages against Defendant, PLAZA RECOVERY as successor in interest to PLAZA ASSOCIATES for statutory damages of $1000.00, punitive damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.**

## Count II

## VIOLATION OF THE FAIR DEBT COLLECTION PARACTICES ACT (FDCPA), 15 U.S.C. §1692 WILLFUL NON-COMPLIANCE BY PLAZA ASSOCIATES

**30. Plaintiff repeats and re-alleges items 1 through 25 above.**

**31. In May of 2011, Defendant knowingly violated the Federal law by attempting to collect a debt Plaintiff had no contractual or any other obligation to pay and was not hers thereby using a false, deceptive, or misleading representation or means to collect creating violations of the FDCPA under 15 U.S.C.§1692e & 1692e(10).**

**32. In May of 2011, Defendant used false representation to collect or attempt to collect an alleged debt and asserted a right which it lacks, to wit, the right to enforce an alleged debt once again creating violations under FDCPA, 15 U.S.C. §1692e(10).**

**33. THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.**

The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, PLAZA RECOVERY as successor in interest to PLAZA ASSOCIATES for statutory damages of $1000.00, pursuant to 15 U.S.C. § 1692e & 1692e(10), actual damages of $5000.00 for emotional distress and suffering as well as attorney's fees and costs.

## DEMAND FOR TRIAL BY JURY

**Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.**

**Dated:** March 18, 2012

**Respectfully Submitted,**

Teri Lynn Hinkle
**Teri Lynn Hinkle**
**322 Bethel Street**
**Eastman, Georgia 31023**
**478-374-4132**
**queensongbird@gmail.com**

**Service to:**

**PLAZA ASSOCIATES**
**370 7th Avenue, Ste. 1200**
**New York, New York**
**10001**


UNITED STATES POSTAL SERVICE
1000
30903
PAID
31023
AMOUNT

THIS CHECK IS VOID WITHOUT A BLUE & GREEN BACKGROUND AND AN ARTIFICIAL WATERMARK ON THE BACK - HOLD AT ANGLE TO VIEW



**Resurgent Capital Services LP**
GREENVILLE OPERATING ACCOUNT
15 SOUTH MAIN STREET
GREENVILLE, SC 29601

**Wells Fargo Bank**
Greenville, SC 29601
11-24/1210 8

**089761**

| DATE | AMOUNT |
|---|---|
| Mar 13, 2012 | $4,500.00 |

Pay Four Thousand Five Hundred Dollars And 00 Cents

to the Order of:

TERI LYNN HINKLE
322 BETHEL STREET
EASTMAN, GA 31023

Scott Kasten

⑈089761⑈ ⑆121000248⑆ 2000008596145⑈