ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 MAR 29 PM 1:59

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TERI LYNN HINKLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 311-100 |
| ) | |
| PLAZA RECOVERY, Successor in Interest ) | |
| to Plaza Associates, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se*, attempting to assert claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Because she is proceeding *in forma pauperis*, the Court screened her original complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii). The Court found that Plaintiff had arguably stated an FCRA claim for the improper accessing of her consumer report and had arguably stated a FDCPA claim for the use of a false, deceptive, or misleading representation or means in connection with its attempted collection of the debt in question.[1] (Doc. no. 4.) Accordingly, the Court ordered the U.S. Marshal to effect service on Plaza Associates, the sole Defendant named in the original complaint. (Id.)

---

[1] In screening the original complaint, the Court additionally recommended the dismissal of Plaintiff's FDCPA claim for attempted collection following her debt verification request. The Honorable Dudley H. Bowen, Jr., United States District Judge, adopted that recommendation as the opinion of the District Court. (Doc. nos. 5, 7.)

Thereafter, the Marshal returned a form indicating that service had not been effected and that counsel for Plaza Associates refused to waive service because the company had gone out of business. (Doc. no. 8.) Shortly after learning of this occurrence, Plaintiff filed an amended complaint to name a different entity as the Defendant, which she asserts is liable for the conduct alleged.

Plaintiff was entitled to amend her complaint as a matter or course pursuant Federal Rule of Civil Procedure 15(a). Notably, her amended complaint supersedes her original complaint. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). As a result, the Court must screen the amended complaint in accordance with the IFP statute. Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

## I. BACKGROUND

Plaintiff's amended complaint is materially similar to her original complaint except that the only Defendant that it names is Plaza Recovery, the "successor in interest" to Plaza Associates, which was the sole Defendant named in the original complaint.[2] (Doc. no. 9, p. 1.)

Plaintiff alleges that she viewed a copy of her consumer report from the credit

---

[2] Because of the similarity between the original and amended complaints, the Court will draw liberally from its screening of the original complaint in screening the amended complaint.

2

reporting agency TransUnion in May of 2011, and thereby discovered that Plaza Associates had obtained her consumer report in May of 2009. (Id. at 2.) According to Plaintiff, she "has never had any business dealings or any accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from [Plaza Associates]." (Id. at 4.) Plaintiff additionally states that she never consented to Plaza Associates accessing her consumer report. (Id.) Moreover, Plaintiff reports that she learned Plaza Associates was attempting to collect on a delinquent account with Capital One Bank; however, Plaintiff avers she never had any such account. (Id. at 5.) Plaintiff maintains that Plaza Associates therefore obtained her consumer report without any permissible purpose. (Id.) According to Plaintiff, on May 12, 2011, she sent Plaza Associates a notice of intent to sue regarding this matter, in response to which it sent her a bill in an attempt to collect on the debt. (Id. at 2.)

Plaintiff also alleges that on May 26, 2011, she sent Plaza Associates a demand for validation of the debt in question, "to include a contract or application containing her signature for which [Plaza Associates] could base any obligation by Plaintiff to pay them." (Id.) Plaintiff avers that Plaza Associates responded inadequately "by sending what appear to be digital billings of unknown origin," without providing "any contract and or agreement showing Plaintiff ever had any obligation to pay them or had done any business with them." (Id. at 2-3.) Plaintiff reports that she sent Plaza Associates another letter on June 10, 2011, providing a "notice of pending suit and offering to settle the matter outside litigation." (Id. at 3.) Plaintiff states that Plaza Associates never responded to her June 10th letter. (Id.)

According to Plaintiff, based on information obtained subsequent to the screening of

3

the original complaint, she determined that Defendant Plaza Recovery is the successor in interest to Plaza Associates and, as a result, "stands liable . . . for the actions of Plaza Associates." (Id. at 3.) Therefore, Plaintiff seeks to recover statutory and actual damages, as well as attorney's fees, against Defendant Plaza Recovery based on the alleged conduct of Plaza Associates.

## II. DISCUSSION

### A. Plaza Associates Not Named as Defendant in Amended Complaint

As noted previously, Plaintiff's amended complaint supersedes her original complaint in its entirety. See Pintando, 501 F.3d at 1243 ("[A]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (quoting Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006)); Lowery, 483 F.3d at 1219 ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). Upon review of the amended complaint, the Court finds that Plaintiff fails to name Plaza Associates as a party to this lawsuit. Plaintiff does not list Plaza Associates as a Defendant in the caption or the "PARTIES" section of her amended complaint. Rather, Plaintiff's amended complaint specifies, "The Defendant in this lawsuit is PLAZA RECOVERY who is successor in interest to PLAZA ASSOCIATES . . . ." (Doc. no. 9, p. 1.) As a result, Plaza Associates should be dismissed from this case.

### B. Failure to State a § 1692g(b) FDCPA Claim

Liberally construing Plaintiff's allegations in her favor and granting her the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff

4

fails to state a viable FDCPA claim under 15 U.S.C. § 1692g(b). Plaintiff's attempted § 1692g(b) claim – a claim that is virtually identical to the claim previously dismissed by Judge Bowen pursuant to this Court's recommendation – is based on her allegation that an inadequate response was provided to her request for validation of the debt in question. (Doc. no. 9, pp. 2-3, 5.) Notably, however, § 1692g(b) does not necessarily require validation or verification of debt when requested by a consumer. Rather, it requires a debt collector faced with such a request to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). In other words, "a debt collector is not required to take some other affirmative step if the consumer disputes the debt. The plain language of § 1692g(b) requires only that a debt collector cease collection of the debt if it is disputed . . . ." Hepsen v. Resurgent Capital Servs., LP, 383 F. App'x 877, 882 (11th Cir. 2010) (*per curiam*) (internal citation omitted); see also Shimek v. Forbes, 374 F.3d 1011, 1014 (11th Cir. 2004) ("The plain language of Section 1692g(b) mandates that a debt collector 'cease collection of the debt' once verification is requested."); Zamos v. Asset Acceptance, LLC, 423 F. Supp. 2d 777, 786 (N.D. Ohio 2006) ("No violation of § 1692g(b) exists when a debt collector has 'ceased collection activities.'" (quoting Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1031-1032 (6th Cir. 1992))).

Here, Plaintiff does not allege any collection activities following her request for debt verification. Accordingly, her allegation that the "digital billing statements" and other documents provided to her constitute inadequate verification fails to state a claim upon which relief may be granted under § 1692g(b).

5

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaza Associates be **DISMISSED** from this case and that Plaintiff's FDCPA claim for collection following her debt verification request also be **DISMISSED**.[3]

SO REPORTED and RECOMMENDED this 27th day of March, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] In a simultaneously issued Order, the Court has ordered that service of process be effected on Defendant Plaza Recovery based on Plaintiff's FCRA claim for improper accessing of her consumer report and her FDCPA claim for Defendant's alleged use of a false, deceptive, or misleading representation or means in connection with its attempted collection of the debt in question.